# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| COREY MADDOX, | : | CIVIL ACTION NO. |
|     Petitioner, | : | 3:16-CV-958 (JCH) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | APRIL 19, 2017 |
|     Respondent. | : | |

## RULING RE: MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE (DOC. NO. 1)

### I.    INTRODUCTION

The petitioner, Corey Maddox ("Maddox"), filed a Motion to Vacate, Set Aside or Correct Sentence ("Mot. to Vacate") (Doc. No. 1) pursuant to section 2255 of title 28 of the United States Code. Maddox argues that the Supreme Court case, Johnson v. United States, 135 S. Ct. 2551 (2015), makes his sentence unlawful. See Mot. to Vacate at 1. The respondent, the United States ("the Government") opposes the Motion. See United States' Response ("Response") (Doc. No. 7). Because Maddox was released from incarceration on November 25, 2016, see Federal Bureau of Prisons Inmate Locator,[1] the question before the court is whether to resentence Maddox, so as to reconsider his sentence to a five-year term of supervised release, see Judgment (Doc. No. 1-1; Case 12-cr-104, Doc. No. 1732) at 1.

Maddox's Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **denied** both because Maddox waived his right to collaterally attack his sentence and

---

[1] Available at https://www.bop.gov/inmateloc/.

also, separately, because there is no merit to Maddox's argument that his sentence was improper.

## II.     BACKGROUND

A grand jury indicted Maddox for one count of conspiracy to distribute, and to possess with intent to distribute, certain controlled substances, in violation of sections 841(a)(1), 841(b)(1)(C), and 846 of title 21 of the United States Code.  See Superseding Indictment (Case 12-cr-104, Doc. No. 1073) ¶¶ 1–2, 8.  Maddox pled guilty to the charge against him.  See Plea Agreement (Doc. No. 7-2; Case 12-cr-104, Doc. No. 1287) at 1.  The Plea Agreement states the following:

> Assuming a Criminal History Category V, an adjusted offense level of 17 would result in an incarceration range of 46–57 months [under the United States Sentencing Guidelines].
>
> The Government acknowledges that the defendant may qualify as a career offender under U.S.S.G. § 4B1.1 based on his prior felony convictions for Assault in the First Degree and Conspiracy to Sell Narcotics.  If the defendant qualifies as a career offender, the defendant's adjusted offense level would increase to 29, and his Guideline incarceration range, based on a Criminal History Category VI, would increase to 151–188 months.  Because this career offender range is higher than the range that otherwise would be applicable, the career offender range would be controlling.  The defendant reserves his right to contest the application of the career offender enhancement.  Based on the unique circumstances of this case, the Government hereby agrees not to seek the application of the career offender enhancement.

See Plea Agreement at 4.  The Plea Agreement also contained a section entitled "Waiver of Right to Appeal or Collaterally Attack Sentence." Id. at 5.  This section stated the following:

> The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence.  The defendant agrees not to [ ] collaterally attack in any proceeding, including but not limited to a motion under

2

> 28 U.S.C. § 2255 [ ], the conviction or sentence imposed by the Court if that sentence does not exceed 55 months of incarceration, a life term of supervised release, and a $1,000,000 fine. . . . The defendant acknowledges that he is knowingly and intelligently waiving these rights.

Id. at 5.

The United States Probation Officer prepared a Presentence Report (Case 12-cr-104, Doc. No. 1663), stating that Maddox was "a Career Offender" under section 4B1.1 of the United States Sentencing Guidelines, and recommending both an offense level enhancement and a criminal history category increase under that section. Presentence Report ¶¶ 27, 42. As a result, the Presentence Report stated that the applicable Guidelines imprisonment range was 151 to 188 months. See id. ¶ 78.

At the sentencing hearing, the Government stated that it was "not seeking the application of" the career offender "enhancement." Sentencing Tr. (Doc. No. 7-3; Case 12-cr-104, Doc. No. 2462) at 13. The Government also urged that the court need not resolve the question of whether Maddox was a career offender, as long as the court would (1) "calculate both" the Guidelines range that would apply if Maddox were a career offender and the range that would apply if he were not, (2) "state on the record that it feels a sentence of X number of months is warranted in either scenario," (3) "and then say that as a result, the Court doesn't need to resolve the issue of the career offender enhancement." Id. at 14. The Government explained that the Guidelines supervised release range would not be affected by the application of the career offender enhancement. See id. at 14. The court, Ellen Bree Burns, J., agreed that the Guidelines imprisonment range was either 46 to 57 months, if Maddox was not a career offender; or 151 to 188 months, if Maddox was a career offender. See id. at 14–15.

The court imposed a sentence of 55 months imprisonment, five years of

3

supervised release, and no fine.  See Judgment at 1–2.  However, the court, in its Statement of Reasons, "adopt[ed] the presentence investigation report without change," finding a total offense level of 29, a criminal history category of VI, and a Guidelines imprisonment range of 151 to 188 months—all calculations consistent with a determination that Maddox was a career offender.  Statement of Reasons at 1.  The court thus indicated that it had imposed a sentence "below the advisory guideline range," "pursuant to" the "plea agreement."  Id. at 3.

Maddox was released from the Bureau of Prisons on November 25, 2016.  See Federal Bureau of Prisons Inmate Locator.

### III. LEGAL STANDARD

Section 2255 of title 28 of the United States Code provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack."  Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks omitted).  Relief under section 2255 of title 28 of the United States Code is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently

4

results in a complete miscarriage of justice." Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks omitted). The petitioner bears the burden of proving he is entitled to relief by a preponderance of the evidence. See Skaftouros v. United States, 667 F.3d 144, 158 (2d Cir. 2011).

**IV.    DISCUSSION**

Maddox's Motion to Vacate, Set Aside, or Correct Sentence is properly denied for two reasons, either one of which would require denial of the Motion. First, Maddox has waived his right to collaterally attack his sentence. See Plea Agreement at 5. Second, as discussed more fully below, the Supreme Court in Beckles v. United States, 137 S. Ct. 886 (2017), rejected the argument that forms the basis of Maddox's Motion to Vacate, Set Aside, or Correct Sentence.

A.    Waiver

Maddox waved his right to collaterally attack his sentence. See Plea Agreement at 5. Specifically, Maddox "agree[d] not to [ ] collaterally attack in any proceeding, including [ ] a motion under 28 U.S.C. § 2255 [ ], the [ ] sentence imposed by the Court if that sentence does not exceed 55 months of incarceration, a life term of supervised release, and a $1,000,000 fine." Id. at 5. The court imposed a sentence that did not exceed 55 months of incarceration, a life term of supervised release, or a $1,000,000 fine. See Judgment at 1–2 (imposing 55 months imprisonment, five years supervised release, and no fine). The waiver thus applies.

A waiver of the right to appeal or collaterally attack a conviction or sentence is valid if and only if the record clearly demonstrates that the waiver was both knowing and voluntary. See United States v. Coston, 737 F.3d 235, 237 (2d Cir. 2013) (stating this

5

standard in context of waivers of right to appeal); Goss v. United States, No. 3:13-CV-1325 (JCH), 2015 WL 778706, at *3 (D. Conn. Feb. 23, 2015) (applying this standard to waiver of right to collateral attack).

Here, the record reveals that Maddox's waiver of the right to collateral attack was knowing and voluntary. In signing the Plea Agreement's "Waiver of Right to Appeal or Collaterally Attack Sentence" provision, Maddox "acknowledge[d] that he [wa]s knowingly and intelligently waiving" his rights "to challenge his conviction and sentence." Plea Agreement at 5. Maddox executed the Plea Agreement in court, after having spoken to his attorney while in custody. See Guilty Plea Tr. (Doc. No. 7-1; Case 12-cr-104, Doc. No. 2504) at 2. At his Guilty Plea hearing, Maddox was placed under oath. See id. at 3. Maddox denied having taken "any substance, any medication, or anything else," in the past twenty-four hours "that would in any way interfere with [his] ability to understand [Judge Burns]." See id. at 3–4. Judge Burns instructed Maddox that, if he did not understand any of her questions, he should ask her to clarify; and that he could consult with his attorney at any time. See id. at 4. Maddox indicated that he understood this. See id. at 4. Judge Burns explained the Plea Agreement's waiver as follows:

> On page 5 [of the Plea Agreement], there is a paragraph called Waiver of Right to Appeal or Collaterally Attack Sentence. This says that you're giving up your right to take an appeal or attack my sentence by any other legal means as long as I don't give you a sentence that's more than 55 months of incarceration, a lifetime of supervised release, and a $1 million fine. If I don't give you more than that, sir, you're giving up your right to appeal my sentence or to attack it by any other legal means.

Id. at 11. The judge then asked, "Do you understand that?" Maddox responded, "Yes." Id. at 11. Maddox also confirmed that the Government had not made any promises to

induce him to sign the Plea Agreement, outside of the promise that the Government would move to dismiss the count pending against Maddox. See id. at 15. Maddox expressed an understanding that, instead of pleading guilty, he had the right to proceed to trial, where he could force the Government to prove its case beyond a reasonable doubt. See id. at 16. Nevertheless, Maddox pled guilty. See id. at 20.

Maddox did not formally reply to the Government's argument that he waived his right to collateral attack. See Response at 1, 4–11 (arguing Maddox waived his right to collateral attack); Endorsement Order to Show Cause (Doc. No. 8) ("[T]he court is puzzled by petitioner's failure to reply[ ] to the government's arguments regarding a collateral attack waiver in the plea agreement. Does petitioner concede this point, thus resulting in a dismissal of his petition? The petitioner is hereby ORDERED TO SHOW CAUSE [ ] why the Petition should not be denied."); see also Motion to Withdraw as Counsel (Doc. No. 12) (shortly before continued deadline to show cause, moving to withdraw as attorney, due to Maddox's failure to respond to counsel's attempts at communication). However, in a Motion to Continue Deadline (Doc. No. 10), Maddox, via counsel, indicated that he probably would not concede waiver. See Mot. to Continue ¶ 3 ("Generally speaking, petitioners have not been conceding this point."). Maddox cited Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002) for the proposition that "'[a] waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured.'" Mot. to Continue ¶ 3 n.1. Frederick made this statement in the context of an attack on "the plea agreement" itself. See 308 F.3d at 195. Here, Maddox challenges not the validity of his Plea Agreement, nor any aspect of the plea process,

but rather, the calculation of the applicable Guidelines range. The court thus concludes that Frederick is not applicable.

The court finds that Maddox has knowingly and voluntarily waived his right to file the instant section 2255 petition. For this reason, as well as for the reason set forth below, Maddox's Motion to Vacate, Set Aside, or Correct Sentence is denied.

B.     Merits

Maddox argues that Johnson makes his sentence unlawful. See Mot. to Vacate at 1. Johnson held that a clause in the Armed Career Criminal Act (ACCA), which courts refer to as ACCA's "residual clause," was unconstitutionally vague. See 135 S. Ct. at 2557; see also 18 U.S.C. § 924(e)(2)(B)(ii) (including in definition of "violent felony," the phrase, "or otherwise involves conduct that presents a serious potential risk of physical injury to another"). An identical "residual clause" appeared in the Guidelines definition of "crime of violence" at the time of Maddox's sentencing. See U.S.S.G. § 4B1.2(a)(2) (2012) (including in definition of "crime of violence, the phrase, "or otherwise involves conduct that presents a serious potential risk of physical injury to another"). Past convictions for crimes of violence serve as predicate offenses to categorize an individual as a career offender under the Guidelines, thus increasing the recommended punishment. See U.S.S.G. § 4B1.1(a). Maddox argues that he should not have been categorized as "a career offender" for Guidelines purposes, because, pursuant to Johnson, his prior convictions should not have counted "as 'crimes of violence.'" Mot. to Vacate at 2.

Due to Beckles, there is no basis for this argument, which is the sole argument offered in advance of Maddox's Motion to Vacate, Set Aside, or Correct Sentence. In

Beckles, as here, "[a]t the time of petitioner's sentencing, the advisory Sentencing Guidelines included a residual clause defining a 'crime of violence' as an offense that 'involves conduct that presents a serious potential risk of physical injury to another.'" Beckles, 137 S. Ct. at 890 (citation omitted). Beckles rejected the petitioner's argument "that the Guidelines' residual clause is [ ] void for vagueness." Id. at 890. The Supreme Court explained that, while Johnson had held "that the identically worded residual clause in [ACCA] was unconstitutionally vague," Johnson did not apply to the Guidelines, because "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." Id. at 890.

Indeed, in his Motion to Withdraw as Counsel, Maddox's attorney states that, as a result of Beckles, "counsel can no longer certify that the Johnson analysis applying to the Guidelines is 'warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.'" Id. ¶ 5 (citing Fed. R. Civ. P. 11).

Because Beckles directly rejected the argument Maddox seeks to make—that the Guidelines' use of the "residual clause" in the definition of "career offender" is void for vagueness—there is no basis for Maddox's Motion to Vacate, Set Aside, or Correct Sentence. The fact that there is no legal basis to Maddox's Motion to Vacate, Set Aside, or Correct Sentence is a second, independent, reason that the court denies the Motion.

### C. Mootness

The Government argues that this case is moot because Maddox was released from prison. See Response at 3–4. The Government compares this case to United

States v. Key, 602 F.3d 492, 494 (2d Cir. 2010), which the Government cites for its holding that "[a]n appellate challenge to a criminal sentence is rendered moot when the defendant has been released from prison and when there is either no possibility or only a remote and speculative possibility that the district court could or would impose a reduced term of supervised release were [the appellate court] to remand for resentencing." See Response at 4. The court need not address the mootness argument, however, because Maddox's Motion to Vacate, Set Aside, or Correct Sentence is denied both due to his waiver and to Beckles.

## V.   CONCLUSION

For the reasons set forth above, the court **denies** Maddox's Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1). Because Maddox's has not made a "substantial showing" of denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

Dated this 19th day of April, 2017 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge